**SCATTERED CORPORATION, Plaintiff,**

v.

**CHICAGO STOCK EXCHANGE, INCORPORATED, a Delaware corporation, Defendant.**

**Civil Action No. 13703.**

Court of Chancery of Delaware, New Castle County.

Submitted: Oct. 14, 1994.
Decided: Dec. 2, 1994.

William J. Marsden, Jr. and Arthur L. Dent, of Potter Anderson & Corroon, Wilmington, C. Philip Curley and Steven A. Ramirez, of Robinson Curley & Clayton, P.C., Chicago, Illinois, for Plaintiff.

R. Franklin Balotti and Todd C. Schiltz, of Richards, Layton & Finger, Wilmington, Maurice J. McSweeney, of Foley & Lardner, Milwaukee, Wisconsin, for Defendant.

## OPINION

JACOBS, Vice Chancellor.

On August 24, 1994, the plaintiff, Scattered Corporation ("Scattered"), brought this action, pursuant to 8 *Del.C.* § 220, to obtain a court-ordered inspection of certain books and records of the defendant, Chicago Stock Exchange, Incorporated ("CHX"). CHX has moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The motion was argued on October 14, 1994. This is the decision of the Court on the defendant's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

CHX is a not-for-profit Delaware nonstock corporation whose principal place of business is Chicago, Illinois. Scattered is a member of CHX. In November, 1993, CHX, pursuant to its authority to regulate its members under the Securities Exchange Act of 1934 (the "Exchange Act"), charged Scattered with violations of the Exchange Act and CHX's rules. A disciplinary proceeding was scheduled to take place during October, 1994.

On July 28, 1994, Scattered wrote a letter to CHX, demanding to inspect specified CHX books and records pursuant to 8 *Del.C.* § 220.[1] By letter dated August 8, 1994, CHX refused Scattered's demand. Scattered then brought this action, which CHX moved to dismiss on September 2, 1994.

---

1. In both its demand letter and complaint, Scattered claims that its purposes for seeking to inspect CHX's books and records are (i) to gather information and consider remedies regarding possible waste of CHX assets, (ii) to investigate alleged disparate disciplinary treatment of CHX members, and (iii) to explore recent CHX operating losses.

## II. *THE PARTIES' CONTENTIONS*

CHX advances three arguments to support its dismissal motion.[2] However, because this Court concludes that it lacks subject matter jurisdiction over Scattered's complaint, only those arguments relevant to the jurisdictional question will be addressed. Accordingly, the only issue considered here is whether 8 *Del.C.* § 220 entitles a member of a Delaware nonstock corporation to petition this Court for a court-ordered inspection of the corporation's books and records.

At common law, three classes of persons were recognized as having the right, in specified circumstances, to inspect a corporation's books and records: stockholders, directors, and members of nonstock corporations. *State ex rel. Cochran v. Penn–Beaver Oil Co.*, Del.Supr., 143 A. 257, 259 (1926); *State ex rel. Farber v. Seiberling Rubber Co.*, Del.Super., 168 A.2d 310, 312 (1961); *Fleisher Dev. Corp. v. Home Owners Warranty Corp.*, 647 F.Supp. 661, 667 (D.D.C.1986). In Delaware, before the 1967 revision to the Delaware General Corporation Law ("DGCL"), the power to adjudicate inspection demands by all three classes of persons was vested in the Superior Court, which enforced the common law inspection right through the extraordinary writ of mandamus.

As part of the comprehensive 1967 revision of the DGCL, the General Assembly codified (at least in part) the common law right of inspection in 8 *Del.C.* § 220. Then, as now, § 220 was expressly made applicable only to stockholders of record. *Id.*[3] In 1981 § 220 was again amended, expressly to recognize an independent enforceable right of inspec-

tion by directors. 8 *Del.C.* § 220(d).[4] Thus, in its present form § 220 is expressly applicable only to directors and stockholders of record. However, the statute makes no reference to members of nonstock corporations.

The question presented is whether in enacting § 220 and its amendments, the General Assembly intended to vest in this Court jurisdiction over the inspection rights of members of nonstock corporations. That question appears to be one of first impression.[5]

CHX contends that the Legislature intended to transfer jurisdiction to this Court only over the inspection demands by record stockholders and by directors. If CHX is correct, then the residual common law jurisdiction to entertain inspection demands by members of nonstock corporations would remain with the Superior Court. CHX finds support for that position in the language of 8 *Del.C.* § 220 which, CHX argues, is unambiguous and clearly does not apply to Delaware nonstock corporations. In the alternative, CHX contends that even if the plain language of § 220 is not dispositive, other relevant sections of the DGCL make manifest the General Assembly's intention that § 220 not apply to nonstock corporations.

Scattered vigorously contests that view. It argues that the General Assembly intended to vest in this Court jurisdiction over inspection demands by all three classes of persons formerly entitled to enforce such rights at common law, and thereby to extinguish altogether the legal remedy (mandamus). Scattered concedes that § 220 does

---

2. CHX's other two arguments are: (i) that even if this Court has subject matter jurisdiction, the application of § 220 to CHX, which is a self-regulatory organization, is preempted by the Exchange Act; and (ii) that Scattered has not exhausted the administrative remedies available to it under CHX's internal rules and procedures as a self-regulatory organization.

3. As drafted in 1967 and in its present form, the statute pertinently provides:
 (a) As used in this section, "stockholder" means a stockholder of record.
 (b) Any stockholder ... shall ... have the right ... to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, and its other books and records....

8 *Del.C.* § 220 (1967), *amended by* 8 *Del.C.* § 220(d) (1981).

4. Section 220(d) provides that "[a]ny director" has the right to examine a corporation's books and records. 8 *Del.C.* § 220(d).

5. That issue was addressed by the U.S. District Court for the District of Columbia in *Fleisher Dev. Corp. v. Home Owners Warranty Corp.*, 647 F.Supp. 661, 667 (D.D.C.1986). That court, applying Delaware law, held that a member of a nonstock corporation had a common law right, enforceable by the issuance of a writ of mandamus, to inspect the corporation's books and records.

not expressly apply to members of nonstock corporations, but it argues, nonetheless, that the General Assembly intended that result in its 1967 amendment to that statute. Scattered insists that its position is also supported by other provisions of § 220 and the DGCL, and is also compelled by public policy considerations.

### III. THE SCOPE OF § 220

 This Court is one of limited jurisdiction. 8 *Del.C.* §§ 341, 342. The plaintiff has the burden to establish this Court's jurisdiction over a particular subject matter. *Yancey v. National Trust Co.*, Del.Ch., C.A. No. 2142, Jacobs, V.C., slip op. at 11, 1993 WL 155492 (May 7, 1993) *aff'd on other grounds,* Del.Supr., 633 A.2d 372 (1993). To meet that burden here, Scattered must show that in adopting § 220, the General Assembly intended to transfer to this Court the preexisting common law jurisdiction over inspection demands by members of nonstock corporations. I conclude that Scattered has not met that burden.

Section 220 expressly defines the class of persons entitled to enforce its provisions. That definition does not include members of nonstock corporations. For this Court to determine that despite that omission the General Assembly intended for § 220 to cover nonstock corporations, it would have to find that the Legislature intended that the term "stockholder," as used in § 220 and elsewhere throughout the DGCL, includes members of nonstock corporations except where otherwise provided.[6] However, I am unable to locate any basis in the statute to support, let alone compel, that conclusion.

#### A. *Legislative Intent and the Language of § 220*

 A determination of the General Assembly's intent must, where possible, be based on the language of the statute itself. *Keys v. State,* Del.Supr., 337 A.2d 18, 22 (1975). In divining the legislative intent, "[s]tatutory language, where possible, should be accorded its plain meaning." *State v. Lillard,* Del.Supr., 531 A.2d 613, 617 (1987).

The plain meaning of the language in § 220 supports CHX's claims of legislative intent, not Scattered's.

Scattered argues that 8 *Del.C.* § 220(c) confirms a legislative intent to confer upon this Court the exclusive jurisdiction to entertain all inspection claims previously enforceable at common law. In support of that argument, Scattered points to the second clause of § 220(c), which provides that, "[t]he Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought." 8 *Del.C.* § 220(c). The argument, in essence, is that because the phrase "the person seeking inspection" is broader than the term "stockholder," § 220 cannot be read as being limited solely to stockholders.

However, that interpretation of § 220(c) conflicts with the plain meaning of the language of §§ 220(a) and (b), which expressly makes § 220 applicable only to stockholders of record. In an effort to reconcile that conflict, Scattered argues that even though the General Assembly defined "stockholder" as "stockholder of record," it did not intend to exclude members of nonstock corporations from the scope of § 220. Rather, it intended only to codify the common law rule that limited the enforcement of inspection rights to a stockholder *of record,* as distinguished from a *beneficial* stockholder. *See, e.g., Trans World Airlines v. Porterie,* Del.Supr., 183 A.2d 174, 175 (1962).

The more persuasive interpretation, advanced by CHX, is that § 220(c) must be read together and harmonized with the language of §§ 220(a) and (b). *See Arbern–Wilmington, Inc. v. Director of Revenue,* Del.Supr., 596 A.2d 1385, 1390 (1991) (citing the well-settled principle that the Legislature enacts statutes as a whole and that each part must be read in conjunction with other parts). Under CHX's construction, § 220(c) would confer upon this Court exclusive jurisdiction to entertain inspection claims only by the class of persons described in §§ 220(a)

---

**6.** Indeed, the plaintiff's first three jurisdictional arguments rely on that statutory construction.

and (b), namely, stockholders of record.[7] Implicit in that interpretation is the proposition that the General Assembly did not intend to alter the common law inspection rights of those classes of persons not expressly covered by § 220, *viz.*, members of nonstock corporations, whose inspection rights would continue to be enforceable at common law.

Scattered's contrary arguments are not persuasive. They rest upon the premise that the General Assembly must have intended that the term "stockholder," as used throughout the DGCL, would include members of nonstock corporations, and exclude only beneficial owners of stock. But if that were the General Assembly's intent, then presumably it would have chosen language more precisely calculated to confer inspection rights upon a broader category of persons (*i.e.*, stockholders and members of nonstock corporations) and excluding only beneficial stockholders from coverage. Instead, however, the Legislature chose to confer inspection rights upon a narrow category ("stockholder") which the Legislature then further narrowed to "stockholder of record." That seems an odd way to effectuate the intent that Scattered would have this Court attribute to the General Assembly. I therefore find that CHX's interpretation of § 220 is consistent with the plain meaning of the statutory language which, I also am satisfied, is clear and unambiguous.

That finding is, in my opinion, dispositive. "It is well settled that statutory language is to be given its plain meaning and that when a statute is clear and unambiguous there is no need for statutory interpretation." *State v. Skinner,* Del.Supr., 632 A.2d 82, 85 (1993). Here, CHX has demonstrated that the plain and unambiguous language of § 220 precludes the interpretation advanced by Scattered. CHX has, therefore, demonstrated that Scattered cannot meet its burden of showing that this Court has subject matter jurisdiction to entertain its demand for inspection.

## B. *Scattered's Other Legislative Intent Arguments*

Although the statute is found to be clear and unambiguous, for purposes of addressing Scattered's remaining arguments the Court will assume (*arguendo* ), that the language of § 220 is ambiguous and subject to interpretation. Even so, Scattered has failed to carry its burden of demonstrating that the General Assembly intended to confer upon this Court jurisdiction over inspection claims by members of nonstock corporations.

Scattered claims to find additional support for its position in 8 *Del.C.* § 215(a), which by its terms negates the application of 8 *Del.C.* §§ 211–214 and 216 to nonstock corporations.[8] From this, Scattered reasons that the General Assembly must have intended that the entirety of the DGCL be interpreted similarly, that is, that the statute must be read to apply in all cases to nonstock corporations, except where the statute otherwise expressly provides.

To that statutory construction argument CHX makes two responses. First, CHX contends that § 215(a) was drafted in that fashion to make clear that the voting and annual meeting rights of members of nonstock corporations would be governed by § 215 rather than by §§ 211–214 and 216, which apply only to shareholders of stock corporations. Therefore, CHX concludes that properly understood, § 215(a) does not evidence that the General Assembly intended the wholesale application of the DGCL to members of nonstock corporations.

Second, CHX points to four other sections of the DGCL, which demonstrate that where the General Assembly did intend for the DGCL to apply to nonstock corporations and their members, it clearly so provided. Thus, 8 *Del.C.* § 262(a), which governs appraisal rights, expressly defines a "stockholder" entitled to seek appraisal to include members of members of nonstock corporations. Similar-

---

**7.** The inspection rights of directors are the subject of a separate provision, § 220(d). 8 *Del.C.* § 220(d).

**8.** Section 215(a) provides:

(a) Sections 211–214, and 216 of this title shall not apply to corporations not authorized to issue stock.

8 *Del.C.* § 215(a).

ly, 8 *Del.C.* § 141(j) expressly provides that § 141, which concerns the powers of corporate directors, applies to nonstock corporations and their members. Furthermore, 8 *Del.C.* § 225, which governs judicial review of elections of corporate directors and officers, specifically applies to nonstock corporations and their members. Finally, CHX points to 8 *Del.C.* § 228, subsection (a) of which authorizes shareholders to consent in writing (in lieu of holding a meeting) to approve actions requiring a shareholder vote; and to § 228(b), which parallels § 228(a) and expressly confers that same authority upon members of nonstock corporations.

■ Again, I find CHX's position to be the more persuasive. Scattered is unable to explain why, if the DGCL was intended to apply in its entirety to nonstock corporations except where otherwise provided, certain of its provisions were drafted expressly to include nonstock corporations and their members. To put it differently, if "stockholder" were intended automatically to include members of nonstock corporations (as Scattered contends), then all sections of the DGCL that expressly include members of nonstock corporations would become surplusage. It is a fundamental rule of construction that a statute should not be construed in a manner that renders part of it surplusage. *Arbern–Wilmington, Inc.,* 596 A.2d at 1390.

Scattered contends that *Oberly v. Kirby,* Del.Supr., 592 A.2d 445 (1991), supports its position that the DGCL must be read broadly to apply to nonstock corporations. While *Oberly* stands for the principle that the conduct of directors of nonstock corporations should be evaluated under corporate law fiduciary standards, it does not (as Scattered claims) hold that all provisions of the DGCL apply across the board to nonstock corporations. *Id.,* at 467.

Finally, Scattered argues that its jurisdictional position is compelled by public policy considerations. Scattered's argument runs as follows: the public policy animating the DGCL is to promote Delaware as a corporate domiciliary. That goal is facilitated by affording summary procedures that provide a quick and efficient resolution of corporate disputes, which procedures, in turn, are facilitated by vesting this Court with jurisdiction "over virtually every matter involving corporate governance and intra-corporate disputes." (Brief for Plaintiff at 10). The 1967 amendments to § 220 were designed to implement that policy. Accordingly, to hold that § 220 does not apply to members of nonstock corporations would frustrate that public policy, because the result would be to relegate those members to the more cumbersome common law mandamus procedure.

The short answer is that this argument is more appropriately addressed to the General Assembly. Scattered may well be correct that its interpretation of § 220 represents more sound public policy. However, this Court lacks the power to legislate, and it is not free to rewrite clear statutory provisions under the guise of "interpretation." Stated differently, this Court cannot create for itself new subject matter jurisdiction not already constitutionally or statutorily authorized, in order to advance a particular policy goal, however laudable.

The Court would be remiss, however, if it did not take this opportunity to highlight the anomaly in our law uncovered by this case. The ruling made here—compelled, in my view, by clear statutory language—means that while stockholders of stock corporations are entitled to enforce their inspection rights under the streamlined, summary procedures afforded by § 220, members of nonstock corporations must resort to the antiquated common law procedure that was largely (but not entirely) supplanted by § 220. For those who find that result undesirable, the remedy is an appropriate amendment to § 220. In all events, it is appropriate that the General Assembly focus on this issue and determine whether there is any reason for that anomaly to persist.

\* \* \* \* \* \*

For the foregoing reasons, I determine that because Scattered cannot bring an action in this Court pursuant to § 220, this Court is without subject matter jurisdiction to adjudicate the plaintiff's claim for relief. Accordingly, the defendant's motion to dismiss the complaint is granted. IT IS SO ORDERED.