IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY


AIRBASE CARPET MART, INC., )
)
Plaintiff, ) C.A. No. N15C-03-104 VLM
)
v. )
)
AYA ASSOCIATES, INC., )
)
Defendant )


Submitted: November 2, 2015
Decided: December 15, 2015


Upon Consideration of Defendant's Renewed
Motion to Dismiss
Based on Superior Court Civil Rules 12(b)(1) and 12(b)(3).
**GRANTED**.

# OPINION


Shawn P. Tucker, Esquire, and Ryan T. Costa, Esquire, Drinker Biddle & Reath LLP, Wilmington, DE, Attorneys for Plaintiff.

Curtis J. Crowther, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, Attorney for Defendant.


**MEDINILLA, J.**

## Introduction

Plaintiff, Airbase Carpet Mart, Inc. ("Plaintiff") brings a claim against AYA Associates, Inc. ("Defendant") seeking damages for breach of contract and false advertising related to an agreement between the parties. Now before the Court is Defendant's Renewed Motion to Dismiss for Lack of Jurisdiction and Improper Venue pursuant to Superior Court Civil Rules 12(b)(1) and (3). For the reasons set forth, the Motion to Dismiss is **GRANTED**.

## Factual and Procedural History

The record before this Court is that on or about January 21, 2012, two commercial entities entered into an agreement wherein Defendant agreed to design, customize, and implement a point of sale system and software for Plaintiff. This contractual relationship was memorialized through a two-page "Purchase Order and Software License Agreement" ("Agreement"). Michael Longwill, President of Plaintiff, signed the "License accepted" line on page one of their Agreement.[1] Page two of the Agreement is subtitled "Software License Agreement" and includes contract language, including but not limited to, binding arbitration and venue selection ("Jurisdiction Provision").[2] Mr. Longwill did not sign the identical

---

[1] Page one sets out the specifics of the purchase order regarding price, terms of payment, number of licenses, and other terms or inclusions related to, but not limited to, software support and training. *See* Def.'s Op. Br., Ex. A.

[2] Page 2 also sets out contract language including, but not limited to "Definitions," "Licensee Rights," "Copyright and Title," "Proprietary Information," "Operating System and Preparatory Procedures," "Limited Warranty,"

"License accepted" line on this page of the Agreement. This dispositive motion focuses on the enforceability of the Jurisdiction Provision that reads:

> The parties agree to submit any disputes under this agreement to BINDING Arbitration under a Court of Competent Jurisdiction in the State of Florida, Orange County, and to accept its decision as final.[3]

On March 12, 2015, Plaintiff filed this action asserting claims for alleged breach of contract and false advertising. As to the former, Plaintiff alleges that the product was inadequate and did not conform to the specifications demonstrated in their pre-agreement demonstrations. As to the latter, Plaintiff alleges that Defendant's fraudulent misrepresentations as a certified "Gold Microsoft" partner constituted a violation of the Delaware Consumer Fraud Act ("CFA").[4]

On May 18, 2015, Defendant filed a Motion to Dismiss for Lack of Jurisdiction and Improper Venue under Superior Court Civil Rules 12(b)(1) and (3). Per the Court's briefing schedule, Defendant filed its Opening Brief in Support of its Motion on June 17. Instead of filing Plaintiff's Answering Brief on the due date of August 28, Plaintiff filed an Amended Complaint removing any request for equitable relief and adding a request for damages. By stipulation, Defendant's Motion to Dismiss was automatically renewed and deemed applicable

---

"Limitation of [Defendant's] Liabilities," "Term," "General," and the Jurisdiction Porvision at issue. *See* Def.'s Op. Br., Ex. A.

[3] *Id.*

[4] *See* Amended Compl; 6 *Del. C.* §§2511-2527.

to the Amended Complaint, except as to any argument related to equitable relief. Plaintiff filed its Answering Brief on September 28. On October 23, Defendant filed its Reply Brief in Support of its Renewed Motion to Dismiss. Having reviewed the parties' written submissions and after hearing oral arguments on November 2, this is the Court's decision.

## Contentions of the Parties

There is no dispute that the parties entered into an Agreement. Unfortunately, their relationship was short-lived and Plaintiff seeks legal remedies against Defendant for breach of contract and fraudulent advertising. Defendant moves for dismissal for lack of jurisdiction and improper venue asserting that the Jurisdiction Provision requires Plaintiff to submit its claims to binding arbitration in Orange County, Florida.

Plaintiff makes two arguments against dismissal. First, it argues that the Jurisdiction Provision is not enforceable because page two was not signed. Plaintiff contends that the Agreement required Plaintiff's signature on *both* pages and the lack of signature on page two demonstrates lack of assent or an expressed intent not to be bound to the Jurisdiction Provision. In response, Defendant asserts that there is no evidence that Plaintiff ever communicated its refusal to any terms of the contract or that its failure to sign the second page was anything more than an oversight.

Plaintiff further asserts that the Jurisdiction Provision is inapplicable to a statutory claim arising from the CFA.[5] Specifically, Plaintiff argues that its claim for fraud "relates" to the Agreement but does not fall within the Jurisdiction Provision language that resolves "any disputes *under* this agreement".[6] Defendant maintains that all of Plaintiff's claims qualify as "any disputes" as specified by the Jurisdiction Provision.

## Standard of Review

Generally, the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed issues of material fact or decide the merits of the case.[7] Plaintiff's written submissions and oral arguments ask this Court to apply a "reasonable conceivability" standard of review.[8] Because Defendant has moved to dismiss pursuant to Superior Court Civil Rules 12(b)(1) and 12(b)(3), this Court will follow the applicable standards of review of dismissal for lack of jurisdiction and improver venue accordingly.[9]

Superior Court Rule 12(b)(1) mandates this Court to dismiss an action for

---

[5] 6 *Del C.* §2525(a).

[6] Pls.' Ans. Br. at 7.

[7] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. 2009).

[8] Pls.' Ans. Br. at 4. (A motion to dismiss under Superior Court Civil Rule 12(b)(6) will not be granted if the plaintiff may recover under any conceivable set of circumstances susceptible of proof under the complaint. *Spence v. Funk*, 396 A.2d 967 (Del. 1978). Additionally, Rule 12(b)(6) requires the Court to accept as true all well pled facts set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. *In re Gardner Denver, Inc. S'holder Litig.*, 2014 WL 715705, at *7 (Del. Ch. Feb. 21, 2014)).

[9] Plaintiff cites *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531 (Del. 2011); *Cambium, Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844 (Del. 2012); and *In re Gardner Denver, Inc. S'holder Litig.*, 2014 WL 715705 (Del. Ch. 2014). These cases are inapplicable since they did not consider motions to dismiss for lack of jurisdiction or improper venue, but rather involved motions to dismiss under a 12(b)(6) standard of review.

lack of subject matter jurisdiction if it appears from the record that the Court does not have jurisdiction over the claim.[10]  Notably, "[t]he burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[11]  To prevail on a motion to dismiss, a movant need only show that the Court lacks jurisdiction.[12]

## Lack of Jurisdiction

To determine if this Court lacks subject matter jurisdiction, this Court must first establish whether the Plaintiff's claims are subject to the arbitration clause at issue.  "Accordingly, if the parties contracted to submit claims, such as those asserted in the Complaint, to arbitration, this Court should dismiss the Complaint for lack of subject matter jurisdiction."[13]

Here, the parties entered into an Agreement but Plaintiff argues that one specific contract provision for jurisdiction and venue is not enforceable because the page that contains this clause was not separately signed.  However, when pressed to provide authority for its position, Plaintiff conceded that it was asking this Court to take a new approach as to the enforceability of the Jurisdiction Provision.

---

[10] Superior Court Civil Rule 12(b)(1).
[11] *Ropp v. King*, 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007) (citing *Scattered Corp. v. Chicago Stock Exch.*, 671 A.2d 874, 877 (Del. Ch. 1994), *aff'd*, 633 A.2d 372 (1993)); *see also Appriva Shareholder Litigation Co., LLC v. EV3, Inc.*, 937 A.2d 1275 (Del. 2007) (stating that, "[u]nlike the standards employed in Rule 12(b)(6) analysis, the guidelines for the Court's review of [a] 12(b)(1) motion are far more demanding on the non-movant.  The burden is on the Plaintiffs to prove jurisdiction exists.  Further, the Court need not accept Plaintiffs factual allegations as true and is free to consider facts not alleged in the complaint." (quoting *Phillips v. County of Bucks*, C.A. No. 98—6415, 1999 WL 600541, at *1 (E.D. Pa. Aug. 9, 1999)(citations omitted))).
[12] Superior Court Civil Rule 12(b)(1).
[13] *Id.*

Essentially, Plaintiff asks this Court to hold that every page of a document must be signed in order to make the disputed term or provision enforceable. This Court declines to do so.

Instead, this Court is guided by *Elia v. Hertrich Family of Auto. Dealership, Inc.*, wherein the Supreme Court found that an arbitration clause found within the contract was enforceable even where *the contract itself* was not signed.[14] There, the Court held:

> [i]rrespective of whether the defendant actually signed that version of the contract, the complaint itself indicates that the parties proceeded under it, and a party who signs a contract may be bound by it even when the other party does not sign it, especially when both parties continue to enjoy the benefit of their bargain.[15]

Like *Elia,* the instant Complaint indicates that these parties proceeded under the contract. Even more indicative of its intent to be bound under this Agreement is that Plaintiff signed the only version. There is no evidence to suggest that other versions exist. Additionally, both parties continued to perform and enjoy the benefits of their bargain. The record reflects that the parties also enjoyed a consensual contractual relationship. Notably, arbitration must also be consensual.[16] Arbitration will be consensual if the contract is valid. The unsigned page includes contract language that relates to warranties, licensee rights, damages,

---

[14] *Elia v. Hertrich Family of Auto. Dealership, Inc.*, 103 A.3d 514 (Del. 2014)(emphasis added).
[15] *Id.*
[16] *Id.*

7

and whether the software is suitable for the licensee's purposes; contract provisions core to Plaintiff's legal claims. Because Plaintiff seeks to enforce rights under the contract, this Court finds that the Jurisdiction Provision is also enforceable.

Delaware jurisprudence is deferential to arbitration clauses.[17] As the Court of Chancery noted in *NAMA Holdings*:

> [b]ecause the strong public policy in favor of arbitration embodied in federal law is given equal respect in this State,[18] a motion to dismiss for lack of subject matter jurisdiction will be granted if the dispute is one that, on its face, falls within the arbitration clause of the contract.[19]

Here, the underlying claims, on their face, fall within the Jurisdiction Provision. "If a claim is arbitrable, *i.e.*, properly committed to arbitration, [the] Court lacks subject matter jurisdiction because arbitration provides an adequate legal remedy."[20] Plaintiff does not allege nor argue that arbitration would provide an inadequate remedy and the Amended Complaint seeks damages which can be sought in a competent court in Orange County, Florida.

On this record, Defendant has demonstrated that this Court lacks jurisdiction and Plaintiff has failed to meet its burden of proving that jurisdiction exists in Delaware under Superior Court Civil Rule 12(b)(1).

---

[17] *Carder v. Carl M. Freeman Communities, LLC*, 2009 WL 106510, at *3 (Del. Ch. Jan. 5, 2009).
[18] *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 429-30 (Del. Ch. 2007) (citing *Anadarko Petroleum Corp. v. Panhandle E. Corp.*, 1987 WL 13520, at *8 (Del. Ch. July 7, 1987)).
[19] *NAMA Holdings*, 922 A.2d at 430 (quoting *SBC Interactive, Inc. v. Corporate Media Partners*, 714 A.2d 758, 761 (Del. 1998)).
[20] *Carder*, 2009 WL 106510, at *3 (Del. Ch. Jan. 5, 2009).

## Improper Venue

Under Superior Court Civil Rule 12(b)(3), on a motion to dismiss for improper venue, the Court is not shackled to the non-moving party's complaint and is permitted to consider extrinsic evidence.[21] Under this standard, the Court should "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[22] Further, "[i]f a forum selection clause validly limits a plaintiff to a single forum, that clause operates to divest a court that otherwise has jurisdiction of its status as a proper venue for plaintiff to sue."[23] This Court will consider if deference to the forum selection should not be afforded only: (1) if enforcement would be unreasonable and unjust under the circumstances; or (2) the forum selection clause was procured by fraudulent inducement.[24]

Plaintiff does not establish that enforcement of the forum selection in Orange County, Florida would "seriously impair Plaintiff's ability to pursue its cause of action."[25] Plaintiff simply argues that he is not bound to travel to Florida to address his claims. Mere inconvenience or additional expense is not the test for

---

[21] *Id.* (citing *Anglo American Sec. Fund, L.P. v. S.R. Global Intern. Fund, L.P.*, 829 A.2d 143, 148-9 (Del. Ch. Aug. 4, 2003)).

[22] *Loveman*, 2009 WL 847622, at *2 (quoting *Simon v. Navellier Series Fund.*, 2000 WL 1597890, at *4 (Del. Ch. Oct. 19, 2000)).

[23] *Id.* (citing *Simon*, 2000 WL 1597890, at *6).

[24] *Id.*

[25] *Loveman*, 2009 WL 847655, at *3 (citing *Halpern Eye Associates*, 2007 WL 3231617, at *4).

unreasonableness.[26] Without more, Plaintiff has not established that enforcement of the forum selection clause in the Jurisdiction Provision would be unreasonable or unjust under the circumstances.

Turning to the second exception, while Plaintiff alleges that fraudulent advertising may have induced it into entering into the Agreement, it does not allege in the Complaint, nor argue against dismissal, that *the forum selection clause* was procured through fraud or fraudulent inducement. Plaintiff's alleged reliance on the status of Defendant's "Gold Microsoft" status has no connection to the forum selection clause in the Jurisdiction Provision.

This Court finds that the Jurisdiction Provision limits Plaintiff to a single forum and deference is afforded accordingly. Plaintiff has failed to establish that enforcement would be unreasonable and unjust under the circumstances or that the forum selection clause was procured by fraudulent inducement. As such, Defendant has demonstrated that this Court is an improper venue for which to litigate this matter under Superior Court Rule 12(b)(3).

Plaintiff's final argument against dismissal asserts that the Jurisdiction Provision is inapplicable to a statutory claim arising from the CFA.[27] Specifically, Plaintiff argues that the fraud claim must be heard in Delaware as a separate claim, and that while it is "related" to the Agreement, it does not fall within the language

---

[26] *Id.*

[27] 6 *Del. C.* §2525(a).

10

of the Jurisdiction Provision. This Court disagrees.

The CFA provides that a private cause of action "may be brought in any court of competent jurisdiction in this State…."[28] However, an arbitration clause will be enforced against a statutory claim and that claim "'may' be brought in a court of competent jurisdiction; there is no requirement that they 'must' be brought in a court, as contrasted with an arbitration forum."[29] Delaware courts enforce forum selection clauses even when such enforcement "divest[s] the courts of this State of the power they would otherwise have to hear a dispute."[30] Therefore, Plaintiff's argument that this Court holds exclusive jurisdiction for the statutory claim fails.

Finally, although Plaintiff asks for a favorable interpretation of the words "related" and "under" as they apply to this Agreement, the proper focus is on the language in the Jurisdiction Provision that addresses resolution of "any disputes." As in *Prestancia Mgmt. Group v. Va. Heritage Found, II LLC,* the Court of Chancery has interpreted a similarly-worded forum selection clause by stating that the "use of the word 'any,'…connotes all-encompassing inclusion" and limited the parties to the language in the forum selection clause.[31] As to Plaintiff's last argument against dismissal, this Court finds that the plain language in the contract

---

[28] *Id.*

[29] *See Roncone v. Phoenix Payment Systems, Inc.,* 2014 WL 6735210, at *6 (Del. Ch. Nov. 26, 2014).

[30] *In re IBP S'holders Litig. v. Tyson Foods, Inc.,* 2001 WL 406292, n.21 (Del. Ch. Apr. 18, 2001).

[31] *Prestancia Mgmt. Group v. Va. Heritage Found, II LLC,* 2005 Del. Ch. Lexis 80 (Del. Ch. May 27, 2005).

reflects that Orange County, Florida is the appropriate venue as to "any disputes," including Plaintiff's claim for fraudulent advertising.

For the reasons stated above, this Court finds it must dismiss the claims for lack of jurisdiction and improper venue. Defendant's motion to dismiss under 12(b)(1) and 12(b)(3) is **GRANTED**.

**IT IS SO ORDERED**.

_____
Judge Vivian L. Medinilla

VLM: sj

cc:     Prothonotary