IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

B&B FINANCIAL SERVICES, LLC, :
                              :     C.A. No. K18C-11-040 WLW

          Plaintiff,     :

                                :

    v.                              :

                                :

RFGV FESTIVALS, LLC, RED     :
FROG EVENTS LLC and          :
ANSCHUTZ ENTERTAINMENT    :
GROUP, INC.,                 :

                                :

          Defendants.     :


Submitted: April 12, 2019
Decided: May 2, 2019

## ORDER

Upon Defendants' Motion to Dismiss.
*Stayed.*


Kara A. Hager, Esquire of Woloshin Lynch & Associates, P.A., Wilmington, Delaware; attorney for Plaintiff.

Christopher P. Simon, Esquire and David G. Holmes, Esquire of Cross & Simon, LLC, Wilmington, Delaware; attorneys for Defendants.


WITHAM, R.J.

## INTRODUCTION

Presently before the Court is Defendants RFGV Festivals, LLC, Red Frog Events LLC, and Anschutz Entertainment Group, Inc.'s Motion to Dismiss B&B Financial Services' complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Delaware Superior Court Rules of Civil Procedure. After considering the Defendants' motion, the Plaintiff's response in opposition, and the record, the Defendants' Motion to Dismiss is hereby **STAYED** for a period not to exceed thirty (30) days.

## FACTUAL AND PROCEDURAL HISTORY

1. The Plaintiff in this case, B&B Financial Services, LLC, (hereinafter "Plaintiff") is a Maryland limited liability company.[1]

2. Defendant RFGV Festivals, LLC (hereinafter "RFGV") is a foreign business entity with its principle place of business in Illinois.

3. Defendant Red Frog Events, LLC (hereinafter "Red Frog") is a Delaware business entity with its principle place of business in Illinois.

4. Defendant Anschutz Entertainment Group, Inc. (hereinafter "Anschutz") is a foreign corporation with its principle place of business in Colorado.[2]

5. On April 27, 2015, the Plaintiff and RFGV entered into a contract whereby RFGV retained the Plaintiff to provide ATM services for the 2015 and 2016 Firefly

---

[1] Pl. Reply at ¶ 1. In its initial complaint, the Plaintiff is represented as a "Delaware business entity with its principal place of business in Maryland. *See* Pl. Complaint at ¶ 1. As stated below, the Plaintiff informed the Court of its intentions to cure its standing defect in the near future, as it had already started the process for regaining good standing in Delaware.

[2] Defendant Anschutz appears to have joined this motion with movants RFGV and Red Frog.

Music Festivals (hereinafter "Firefly"). The contract also provided that the Plaintiff would provide additional ATM services for the 2015 and 2016 Big Barrel Country Music Festivals (hereinafter "Big Barrel").

6. The contract was drafted by RFGV and provided a provision that stated that RFGV could terminate the contract prior to Firefly 2016 with or without cause, by providing the Plaintiff thirty days written notice.[3]

7. The Plaintiff, per its contractual obligations, provided ATM services for Firefly and Big Barrel in 2015.

8. On December 30, 2015, the Plaintiff sent RFGV "and/or" Red Frog a proposal for ATM services for events to take place in 2016 including Firefly. Neither RFGV, nor Red Frog, responded to the Plaintiff's proposal.[4]

9. The Plaintiff contacted RFGV "and/or" Red Frog again on February 3, 2016 regarding the December 30, 2015 proposal.[5] One of the Defendants responded and informed the Plaintiff that another company was doing a test event and following that test, one of the Defendants, RFGV or Red Frog, would provide more information to the Plaintiff moving forward with 2016 ATM needs.[6]

10. RFGV did not utilize the Plaintiff's services for the 2016 Firefly and did

---

[3] Pl. Complaint at ¶ 16.

[4] *Id.* at ¶ 7.

[5] *Id.* at ¶ 9.

[6] *See* Pl. Complaint at ¶ 9 (It is unclear to the Court, however, which Defendant actually responded.).

not satisfy the thirty day notice requirement provided for in the April 27, 2015 contract.

11. The Plaintiff initiated this current action naming RFGV, Red Frog, and Anschutz as co-defendants on November 19, 2018.

12. On February 5, 2019, RFGV and Red Frog, through counsel, sent a letter to the Plaintiff informing it that the Plaintiff was not a company in good standing in Delaware[7] and could not, under those circumstances, maintain the current litigation.[8]

13. The Defendants filed their present motion to dismiss on February 15, 2019. The Plaintiff filed its response, in opposition, on March 1, 2015. A hearing was held on April 12, 2019 and based on the parties' arguments, the Court reserved judgment.

14. As of the date of this order, the Plaintiff has not informed the Court of any further progress it had in rectifying its good standing with the State of Delaware.

## PARTIES' CONTENTIONS

15. RFGV and Red Frog, as the movants, argue that dismissal should be granted on two grounds. First, they argue that the Plaintiff's action should be dismissed pursuant to Superior Court Rule of Civil Procedure Rule 12(b)(1) (hereinafter "Rule 12(b)(1)") due to the Court's lack of jurisdiction over the Plaintiff because they are presently not a company in good standing with the State of

---

[7] *See* D. Mot. Ex. 1.

[8] *See* Pl. Reply at ¶ 5 (Plaintiff objects to any mention of the letter that was allegedly written under the heading "For Settlement Purposes, Inadmissible Under DRE 408" and requests that any reference to the letter be disregarded and stricken from the record.).

Delaware. This, RFGV and Red Frog contend, results in the Plaintiff's lack of standing to bring a cause of action against them in Delaware.[9] Second, they assert the Plaintiff's action is also subject to dismissal pursuant to Superior Court Rule of Civil Procedure Rule 12(b)(6) (hereinafter "Rule 12(b)(6)") for failure to state a claim against Red Frog or Anschutz.[10] Specifically, the Defendants claim that the basis for the suit against Red Frog and Anschutz, vicarious liability, is inapplicable to them because they were not signatories to the contract between the Plaintiff and RFGV.[11] They also argue that the Plaintiff has not made any alter ego or piercing the corporate veil claims regarding Red Frog or Anschutz that would be required in this action.[12]

16. The Plaintiff, in opposition, concedes that it incorrectly characterized itself in its complaint as a Delaware business entity,[13] but argues that the Court is not required to dismiss the claim, but rather, the Court is required to permit the Plaintiff

---

[9] D. Mot. at ¶ 4.

[10] Defendants note for the Court that the Delaware Supreme Court has previously addressed whether a lack of standing requires dismissal under Rule 12(b)(1) or 12(b)(6) and has found support for dismissal under either Rule. *See Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1285-86 (Del. 2007). The Supreme Court stated that "where, as here, the issue of standing is so closely related to the merits, a motion to dismiss based on a lack of standing is properly considered under Rule 12(b)(6) rather than Rule 12(b)(1)." *Id.* The Defendants claim that in this case, the merits of the case are not related to the standing issue and accounts for their motion pursuant to either Rule 12(b)(1) or Rule 12(b)(6).

[11] D. Mot. at ¶¶ 6-7.

[12] *Id.* at ¶ 9.

[13] *See* Supra n.1.

with an opportunity to cure the defect.[14] The Plaintiff also asserts that it has met its obligation to state a claim pursuant to Rule 12(b)(6) because Red Frog and Anschutz can be held vicariously liable because there is an agency relationship between the parent and subsidiary corporations for which all co-defendants are members.[15] Finally, the Plaintiff requests that if the Court finds that piercing the corporate veil is necessary, that it be granted a stay so that it may amend its complaint.[16]

## STANDARDS OF REVIEW

17. On a motion to dismiss pursuant to Rule 12(b)(1), the Court is mandated to dismiss an action for lack of subject matter jurisdiction if it appears from the record that the Court does not have jurisdiction over the claim.[17] Notably, "[t]he burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[18] To prevail on a motion to dismiss pursuant to Rule 12(b)(1),

---

[14] *Think Architecture, LLC v. Cheer, Inc., et al.*, 2019 WL 245195, at *3 (Del. Super. Jan. 16, 2019) (citing *Hudson Farms, Inc. v. McGrellis*, 620 A.2d 215, 216 (Del. 1993)).

[15] Pl. Reply at ¶ 8.

[16] *Id.* at ¶ 9.

[17] *Airbase Carpet Mart, Inc. v. AYA Associates, Inc.*, 2015 WL 9302894, at *2 (Del. Super. Dec. 15, 2015) (citing Super. Ct. Civ. R. 12(b)(1)).

[18] *Id.* (citing *Ropp v. King*, 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007) (citing *Scattered Corp. v. Chicago Stock Exch.*, 671 A.2d 874, 877 (Del. Ch.1994), *aff'd*, 633 A.2d 372 (1993)); *see also Appriva Shareholder Litigation Co., LLC v. EV3, Inc.*, 937 A.2d 1275 (Del.2007) (stating that, "[u]nlike the standards employed in Rule 12(b)(6) analysis, the guidelines for the Court's review of [a] 12(b)(1) motion are far more demanding on the non-movant. The burden is on the Plaintiffs to prove jurisdiction exists. Further, the Court need not accept Plaintiffs factual allegations as true and is free to consider facts not alleged in the complaint." (quoting *Phillips v.*

a movant need only show that the Court lacks jurisdiction.[19]

18. On a motion to dismiss pursuant to Rule 12(b)(6), the moving party bears the burden of demonstrating that "under no set of facts which could be proven in support of its [complaint] would the [plaintiff] be entitled to relief."[20] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[21]

## DISCUSSION

19. First, the Court addresses whether the Plaintiff's cause of action should be dismissed pursuant to Rule 12(b)(1), simply because they are not currently a business entity in Delaware in good standing. As previously stated, the Defendants argue that the Plaintiff has no standing to bring a cause of action in Delaware due to a lack of

---

*County of Bucks*, C.A. No. 98–6415, 1999 WL 600541, at *1 (E.D.Pa. Aug. 9, 1999) (citations omitted)).

[19] *AYA Associates, Inc.*, 2015 WL 9302894, at *2 (citing Super. Ct. Civ. R. 12(b)(1)).

[20] *Alpha Contracting Services, Inc.*, 2019 WL 151482, at *1 (Del. Super. Jan. 9, 2019) (citing *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000)).

[21] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002).

good standing as a Delaware company.[22] The Court disagrees.

20. The Defendants are correct in stating that as a business entity not in good standing in Delaware, the Plaintiff has no standing to bring a cause of action in a Delaware Court. Pursuant to 6 *Del. C. § 18-907*:

> A foreign limited liability company doing business in the State of Delaware may not maintain any action, suit or proceeding in the State of Delaware until it has registered in the State of Delaware, and has paid to the State of Delaware all fees and penalties for the years or parts thereof, during which it did business in the State of Delaware without having registered.

Section 18-1107 further provides:

> A foreign limited liability company doing business in the State of Delaware may not maintain any action, suit or proceeding in the State of Delaware until it has registered in the State of Delaware, and has paid to the State of Delaware all fees and penalties for the years or parts thereof, during which it did business in the State of Delaware without having registered.

21. In this case, the Plaintiff has not been in good standing in Delaware since June 2003.[23] Thus, the Plaintiff cannot technically pursue a cause of action in a Delaware court until the good standing defect is cured pursuit to 6 *Del. C. §§* 18-907 and section 18-1107.

---

[22] *See* Supra n.9.

[23] D. Mot. Ex. A.

8

22. However, the Plaintiff correctly notes the Court is not required to dismiss the action under section 18-907 and pursuant to *Hudson Farms*, it should be granted an opportunity to cure the good standing defect.

23. At the hearing, the Court inquired as to the Plaintiff's status as a business entity in Delaware. The Plaintiff disclosed to the Court that while it was still not in good standing, it was taking the necessary steps to retain good standing as soon as possible, including ascertaining how much in back franchise taxes, interest, and other penalties, are owed. The Plaintiff also disclosed to the Court that it would be registering under another name, since B&B Financial Services, LLC, has already been taken.[24]

24. If so, the Court finds that the Plaintiff's actions are satisfactory and that a temporary stay of the Defendant's motion is warranted. Therefore, the Court will stay the Defendant's Motion to Dismiss for a period of 30 days from the date of this Order. The Plaintiff is required to establish its good standing in Delaware, or otherwise demonstrate it is qualified to further maintain this action. Furthermore, the Plaintiff is ordered to provide the Court with any update in its status, as soon as possible, preferably before the 30 day stay has expired. If its good standing defect is cured within the 30 day stay, the Plaintiff will be granted leave to amend its complaint, if it feels any such amendment is necessary. However, if the Plaintiff has not regained good standing in that time period, it will be required to show cause why

---

[24] At the hearing, Plaintiff disclosed its new name in Delaware will be B&B ATM Services.

the Court should not dismiss the Defendants motion pursuant to Rule 12(b)(1).

25. Ordinarily, the Court would next address the Defendants' 12(b)(6) motion. However, because the Court has stayed the Defendant's potentially dispositive 12(b)(1) motion, the Court will also temporarily stay the Defendant's 12(b)(6) motion for 30 days.

## CONCLUSION

26. For the reasons stated above, the Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6) are hereby **STAYED** for a period not to exceed 30 days.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

10