**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| DNATA AVIATION SERVICES US INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N19C-01-219 EMD CCLD |
| JEFFREY M. KINSELLA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR REARGUMENT OF THE COURT'S ORDER DENYING HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR ALTERNATIVELY, TO STAY THIS MATTER UNTIL THE DISPUTE IS RIPE**

Upon consideration of Defendant's Motion for Reargument of the Court's Order Denying His Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, or Alternatively, to Stay This Matter Until the Dispute is Ripe (the "Motion") filed by Defendant Jeffrey M. Kinsella on June 18, 2019; Plaintiff's Opposition to Defendant's Motion for Reargument of the Court's Order Denying His Motion to Dismiss Plaintiff's Complaint (the "Opposition) filed by Plaintiff dnata Aviation Services US Inc. ("dnata");[1] the entire record of this civil proceeding; and the Court having determined that no hearing is necessary on the Motion and Opposition:

1.     Superior Court Civil Rule 59(e) ("Rule 59(e)") provides that a party may file a motion for reargument "within 5 days after the filing of the Court's Order or decision."[2] The

---

[1] The Court is not considering the Letter, dated June 26, 2019, from Robert J. Katzenstein to the Honorable Eric M. Davis. The Letter seeks leave to file a reply and then makes substantive arguments regarding matters presented in the Opposition. The Court considers the Letter to be an improper reply filed without permission from the Court. *See, e.g.*, Del. Super. R. Civ. P. 59(e)(authorizing a motion and an answer to the motion); Del. Super. R. Civ. P. 78(b)(authorizing motion and responses).

[2] Super. Ct. Civ. R. 59(e).

standard for a Rule 59(e) motion is well defined under Delaware law.[3] A motion for reargument will be denied unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision.[4]

2. Importantly, motions for reargument should not be used merely to rehash the arguments already decided by the court,[5] or to present new arguments not previously raised.[6] In other words, a motion for reargument is "not a device for raising new arguments or stringing out the length of time for making an argument."[7] Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[8]

3. In the Motion, Mr. Kinsella argues that reargument is necessary because: (i) the Court misapprehended the law and facts in finding that Mr. Kinsella waived his right to mediation; (ii) the Court did not properly apply the standard under Civil Rule 12(b)(1); and (iii) the Court's ruling "unjustly" deprives Mr. Kinsella of his contractual rights and "unreasonably" limits his ability to pursue his claims against dnata.

4. The Court has reviewed the Motion and holds that Mr. Kinsella has not met the necessary standard for reargument under Civil Rule 59(e). Mr. Kinsella is merely rehashing arguments raised and addressed by the Court.

---

[3] *Kennedy v. Invacare Corp.*, C.A. No. 04C-06-028, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[4] *Woodward v. Farm Family Cas. Ins. Co.*, C.A. No. 00C-08-066, 2001 WL 1456865, at *1 (Del. Super. Aug. 24, 2001).
[5] *Id.*
[6] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004); *see also Bd. of Managers of the Del. Crim. Justice Info. Sys. v. Gannett Co.*, C.A. No. 01C-01-039, 2003 WL 1579170, at *3–4 (Del. Super. Jan. 17, 2003) *rev'd on other grounds*, *Gannett Co. v. Bd. of Managers of the Del. Crim. Justice Info. Sys.*, 840 A.2d 1232 (Del. 2003).
[7] *Gannett*, 2003 WL 1579170, at *1.
[8] *Plummer*, 2004 WL 63414, at *2.

5.      For example, the Court did not misapply the legal standard under Civil Rule 12(b)(1). Civil Rule 12(b)(1) mandates this Court dismiss an action for lack of subject matter jurisdiction if it appears from the record that the Court does not have jurisdiction over the claim.[9] Notably, "[t]he burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[10] "The jurisdiction of the subject matter of any controversy in any court must be determined in the first instance by the allegations of the complaint."[11]

6.      The Court must always be satisfied that it has subject matter jurisdictions. The hearing transcript demonstrates that the Court considered more than the Complaint in arriving at its decision. The Court found it had subject matter jurisdiction after reviewing the entire record (complaint, motion, opposition, reply, supporting briefs and exhibits). Accordingly, the Court held that Mr. Kinsella failed, on the complete record, to demonstrate cause for the relief sought.[12]

7.      As for the Court's purported misuse or misunderstanding of *Yellow Pages Group, LLC v. Ziplocal, LP*[13] and *Millsboro Fire Co. v. Construction Management Services*,[14] the Court has re-reviewed those cases, the transcript from the June 5, 2019 hearing, the Motion and the Opposition. After re-review, the Court does not find that it misapprehended the law or the facts

---

[9] Super. Ct. Civ. R. 12(b)(1).
[10] *Ropp v. King*, 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007) (citing *Scattered Corp. v. Chicago Stock Exch.*, 671 A.2d 874, 877 (Del. Ch. 1994), aff'd, 633 A.2d 372 (1993)); see also *Appriva Shareholder Litigation Co., LLC v. EV3, Inc.*, 937 A.2d 1275 (Del. 2007) (stating that, "[u]nlike the standards employed in Rule 12(b)(6) analysis, the guidelines for the Court's review of [a] 12(b)(1) motion are far more demanding on the non-movant. The burden is on the Plaintiffs to prove jurisdiction exists. Further, the Court need not accept Plaintiffs factual allegations as true and is free to consider facts not alleged in the complaint." (quoting *Phillips v. County of Bucks*, C.A. No. 98—6415, 1999 WL 600541, at *1 (E.D. Pa. Aug. 9, 1999)(citations omitted))).
[11] *Stidham v. Brooks,* 5 A.2d 522, 524 (Del.1939).
[12] To the extent that Mr. Kinsella argues that the Court's use of this standard language is an indication that the Court shifted the burden, the Court will clarify. The Court generally holds that a movant must show cause for the relief sought. As stated above, the party seeking to invoke the jurisdiction of the Court (here dnata) must demonstrate the Court has jurisdiction. Moreover, the Court can independently determine whether it has subject matter jurisdiction. *See, e.g., Appriva Shareholder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1283-84 (Del. 2007)(stating that because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt). The Court is satisfied that it has subject matter jurisdiction in this civil proceeding.
[13] 2015 WL 358279 (Del. Super. Jan. 27, 2015).
[14] 2009 WL 846614 (Del. Super. Mar. 31, 2009), *decision clarified on reargument*, 2009 WL 4017766 (Del. Super. Nov. 12, 2009).

3

in a way that would have affect the outcome. The Court reviewed dnata's Complaint and reviewed the factual interaction of the parties and reached its conclusion with the guidance of the rulings in *Yellow Pages Group, LLC* and *Millsboro Fire Co.* as those cases relate to pleading requirements and factual review as those relate to Section 10.10(b).

8.      The Court holds that Mr. Kinsella's claim that the Court "sua sponte" found that Mr. Kinsella waived his right to mediation also lacks merit. Per Black's Law Dictionary, "sua sponte" means "of his or its own will or motion; voluntarily; without prompting or suggestion."[15] There was nothing sua sponte about the Court addressing the issue of whether the right to mediation was properly invoked/waived by the parties. The Court was prompted to review this issue by dnata. dnata raised the issue in its opposition to Mr. Kinsella's motion.[16]

9.      The Court finds and determines that the Motion (i) does not raise any viable precedent or legal principle overlooked by the Court is its ruling on June 5, 2019; and (ii) does not show how the Court misapprehended the law or the facts such as would have affected the outcome reached in its ruling on June 5, 2019.

10.     The Court wants to remind the parties regarding proper motion practice before the Court. For example, Civil Rule 59(e) expressly contemplates that the "motion shall briefly and distinctly state the grounds therefor." dnata argues that Civil Rule 59(e) does not provide for a brief. In this instance, the Court agrees. Absent an Order from the Court, a party should not unilaterally decide to file a motion with a brief in connection with Civil Rule 59(e) or, as another example, a routine motion or a discovery motion. The Court understands that motions filed in the Complex Commercial Litigation Division are generally accompanied by briefs; however, those motions are generally motions under Civil Rules 12(b) and/or 56. The Court assumed that

---

[15] Black's Law Dicitonary (4th ed.) at 1592.
[16] *See, e.g.*, Plaintiff's Opp. Brief to Motion to Dismiss at 25-27.

Mr. Kinsella may have been confused by this practice and will excuse the conduct on this occasion.

**IT IS HEREBY ORDERED** that the Motion is **Denied**.

Dated: June 27, 2019
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc: File&ServeXpress